■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE JOSEPH DINGMAN, Appellant.—Appeal from a judgment of County Court, Warren County, rendered August 5, 1974, convicting defendant upon his plea of guilty of the crime of criminal possession of a dangerous drug in the fifth degree. On March 1, 1974, a deputy sheriff on patrol in Lake George received information by radio that a subject who had arrived by bus might be walking along Route 9N with drugs in his possession. The officer was given no name, no description and no other information as to identifying characteristics of the subject. The officer, acting solely on this information, stopped the defendant as he was walking along Route 9N. The defendant produced identification and, in response to further questioning, produced a bus ticket stub and a pipe. The officer picked up the pipe, allegedly smelled marijuana and allegedly further observed a corner of a plastic bag in the defendant's pocket. The defendant was thereupon arrested and a search revealed six bags of marijuana. After the denial of a motion to suppress the evidence seized, the defendant pleaded guilty. It is from that plea and the judgment rendered thereon that this appeal ensues. Defendant contends that the officer had no right to stop him in the first instance. He further claims that the officer had no right to interrogate and search him after he had peacefully produced identification and, accordingly, that the evidence seized should have been suppressed. A police officer may stop a person in a public place when he reasonably suspects that the person is committing, has committed or is about to commit either a felony or a Class A misdemeanor (CPL 140.50). Reasonable suspicion is the quantum of knowledge sufficient to induce an ordinarily prudent and cautious man under the circumstances to believe criminal activity is at hand (People v Cantor, 36 NY2d 106). A police officer must indicate specific and articulable facts which, along with any logical deductions, reasonably prompted the interception of defendant. Vague or unparticularized hunches will not suffice, nor will good faith on the part of the police be enough to validate an illegal interference with an

individual *(Terry v Ohio,* 392 US 1; *People v Cantor, supra).* On the arresting officer's testimony there was nothing at the scene of this stop which could be classified equivocable or suspicious *(People v Corrado,* 22 NY2d 308). There was no description of the subject linking such person to any crime *(People v Arthurs,* 24 NY2d 688; CPL 140.50). The minimum requirement for a lawful detentive stop is a founded suspicion that criminal activity is afoot *(People v Cantor, supra).* In the instant case, the police officer did not have reasonable suspicion that the defendant had committed or was committing a crime. He had nothing more than a vague suspicion or a hunch that the defendant might possibly be a subject who was possibly carrying some drugs. Although his suspicion proved to be well founded, it did not justify the stop of the defendant *(People v Cantor, supra; People v Gorsline,* 47 AD2d 273). The initial stop of the defendant being unlawful, the evidence thereafter acquired must be suppressed absent an independent establishment of probable cause *(People v Cantor, supra; People v Loria,* 10 NY2d 368). Under these circumstances, even if the initial stop was lawful, the police officer could not conduct the search or a frisk (CPL 140.50, subd 1). Submission to authority is not consent nor is a failure to argue with the police officer *(People v Gorsline, supra).* The motion to suppress should have been granted. The initial seizure of the defendant being unlawful, the fruits of that seizure must be suppressed. Judgment reversed, on the law and the facts; order denying motion to suppress certain evidence reversed, and motion granted. Herlihy, P. J., Sweeney, Kane, Larkin and Reynolds, JJ., concur.